*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALQUAN MUSLIM,

        Plaintiff,

v.

ABU HASSAN, et al.,

        Defendants.

Civil Action No. 13-3484 (PGS)

OPINION

**SHERIDAN**, District Judge:

    Plaintiff Alquan Muslim ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should proceed in part.

**I. BACKGROUND**

    Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Dr. Abu Hassan; Nurse Jane Doe; Nurse L. Carver; Dr. John Doe; Nurse J. Rapp; and Sergeant Rokeach. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On October 3, 2012, Plaintiff went to the prison clinic complaining of shortness of breath and chest pains. (Compl. ¶ 11.) Dr. John Doe and Nurse Petrina admitted Plaintiff to the clinic. (*Id.*) On October 4th, Dr. Hassan and Nurse Jane Doe examined Plaintiff and took his blood pressure, which was lower than the day before, but remained high. (*Id.* at ¶ 12.) Plaintiff was discharged from the clinic that day. (*Id.*) Two days later, Plaintiff's condition worsened and an emergency code was called. (*Id.* at ¶ 14.) At the clinic, Nurse Carver did an EKG, the results of which were abnormal. (*Id.*) Nurse Carver called Dr. John Doe, who instructed the nurse to give Plaintiff ibuprofen and send him back to his unit. (*Id.*) On October 7th, Plaintiff again went to the clinic for chest pains and shortness of breath. (*Id.* at ¶ 15.) Nurse Rapp was preparing to give Plaintiff an EKG when Nurse Carver informed her that Dr. John Doe had said whenever Plaintiff comes to the clinic, he should just be sent back to his unit. (*Id.*) When Plaintiff asked Nurse Rapp why he was being denied medical care, she called Sergeant Rokeach and requested that Plaintiff be placed in the mental health unit because she believed Plaintiff had taken an overdose of medication. (*Id.*) Sergeant Rokeach placed Plaintiff in the close watch unit. (*Id.*) Thereafter, Nurse Rapp called 911 and Plaintiff was transported to the hospital. (*Id.* at ¶ 16.) On October 11th, Plaintiff was discharged from the hospital. (*Id.* at ¶ 17.) Plaintiff is seeking declaratory and monetary relief.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress

against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs, thereby violating his Eighth Amendment rights.

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of

4

serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001).

"In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, No. 12–4564, 2013 WL 3834399, at *2 (3d Cir. July 25, 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

In this case, Plaintiff has alleged sufficient facts to allow his Eighth Amendment claim to proceed against Defendants Rapp, Carver and Dr. Doe for failing to give Plaintiff medical treatment on October 7th for a non-medical reason. Plaintiff's allegation that Defendants Rapp and Carver refused to treat Plaintiff based on Dr. Doe's instruction that Plaintiff is not to be treated when he comes to the clinic, if true, is sufficient to state a claim. The rest of Plaintiff's allegations regarding medical care do not establish deliberate indifference. He was clearly receiving treatment and his disagreement with the choices made by the medical professionals does not state an Eighth Amendment claim. *Singletary*, 266 F.3d at 193. With regard to Dr. Hassan, Plaintiff has not shown any personal involvement in any wrongdoing and the inclusion of him in this action

appears to be solely related to his supervisory position. *Evancho*, 423 F.3d at 353; *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005); (Compl. ¶ 3.) With regard to Sergeant Rokeach, the Third Circuit has held that prison officials cannot be found to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official...will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Here, upon instruction from a nurse on the medical staff, Sergeant Rokeach placed Plaintiff in the mental health unit. Plaintiff has failed to allege sufficient facts to show that Sergeant Rokeach had reason to believe, or actual knowledge, that the medical staff was mistreating him.

## III. CONCLUSION

For the reasons stated above, the Eighth Amendment claims against Defendants Rapp, Carver and Dr. Doe for the events of October 7, 2012 will be allowed to proceed at this time. All other claims are dismissed without prejudice. An appropriate order follows.

Dated: 5/16/14

_____
Peter G. Sheridan, U.S.D.J.