UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALQUAN MUSLIM, | : |
| Plaintiff, | : Civ. No. 13-3484 (PGS) |
| v. | : |
| ABU AHSAN, et al., | : MEMORANDUM AND ORDER |
| Defendants. | : |

**SHERIDAN, DISTRICT JUDGE**

    Plaintiff Alquan Muslim ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, was granted leave to file a supplemental complaint on August 12, 2015. (ECF No. 50.) Plaintiff then filed an amended complaint with the Court on September 8, 2015. (ECF No. 52.) Now before the Court comes Defendant Lance Carver's ("Defendant") Motion to Dismiss Plaintiff's amended complaint for failure to comply with FED.R.CIV.P. 15(a), i.e., filing an amended complaint instead of the court-approved supplemental complaint. For the reasons that follow, Defendant's motion will be denied.

    A District Court may permit a party to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d); *see also Crosby v. Piazza,* 465 F. App'x 168, 174 (3d Cir. 2012). A supplemental complaint "refers to events that occurred after the original pleading was filed." *Cash v. Wetzel,* 8 F. Supp. 3d 644, 651-52 (E.D. Pa. 2014).

    After reviewing Defendants' and Plaintiff's submissions, Defendant appears to be arguing that Plaintiff's supplemental complaint, something he was granted leave to file, is

1

actually an amended complaint, something which he was not granted leave to file. Therefore, the argument goes, Plaintiff's submission must be dismissed because it is an amended complaint filed without either the opposing party's permission or leave of Court pursuant to FED.R.CIV.P. 15(a). (*See* ECF No. 57-1 at 1-2.) Defendant seems to be referencing ¶¶ 1, 2, 4, 5 & 7-14 in Plaintiff's submission, which are copied from Plaintiff's original complaint and re-numbered. (*See* ECF No. 52 ¶¶ 1, 2, 4, 5, 7-14.) However, because this is a supplemental complaint, it does not supersede the original complaint, it merely complements it. *See Bates v. Western Elec.*, 420 F.Supp. 521, 526 (E.D. Pa. June 28, 1976) (holding that supplemental pleadings "relate back" to original pleadings under FED.R.CIV.P. 15(d)). Thus, the eleven offending paragraphs are already part of the record – indeed, there is no allegation that Plaintiff is trying to add something wholly new and not approved by the Court. Plaintiff merely seems to have copy/pasted part of his original complaint at the beginning of his court-approved supplemental complaint, which, if anything, offends FED.R.CIV.P. 15(d) by not limiting the supplemental complaint to events occurring *after* the date of the original complaint. *See Turner v. New Jersey State Police*, No. 08-5163, 2015 WL 1850001, at *4 (D.N.J. Apr. 22, 2015) (striking supplemental complaint for, among other things, "re-plead[ing] and re-number[ing] counts"). In all other regards, the submission Plaintiff made is identical to the one approved by the Court to be Plaintiff's supplemental complaint. Therefore,

IT IS on this \_\_\_12\_\_\_ day of \_\_\_May_____, 2016,

ORDERED that Defendant's motion to dismiss Plaintiff's supplemental complaint for failure to comply with FED.R.CIV.P. 15(a) is DENIED; and it is further

ORDERED that paragraphs 1, 2, 4, 5, and 7-14 of Plaintiff's supplemental complaint be

struck for failing to comply with FED.R.CIV.P. 15(d), leaving the remainder of the submission intact; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Supplemental Complaint, Original Complaint, summons, and this Order upon Defendant Carver pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk of the Court shall serve this Order upon Plaintiff by regular U.S. mail.

                                                       *[signature]*
                                                  Peter G. Sheridan, U.S.D.J.