UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALQUAN MUSLIM, | : | |
| Plaintiff, | : | Civ. No. 13-3484 (PGS) (DEA) |
| v. | : | |
| ABU HASSAN, et al., | : | OPINION |
| Defendants. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff Alquan Muslim (hereinafter "Plaintiff") is a state inmate incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court dismissed Plaintiff's claims against several medical defendants. As such, the  remaining motion to dismiss was filed by Carol Gallagher (nurse Gallagher).  Fed. R. Civ. P. 12(b)(6).   For the following reasons, this Court grants Nurse Gallagher's motion to dismiss and also dismisses Plaintiff's amended complaint without prejudice.

## II.    BACKGROUND

On April 15, 2014, Plaintiff experienced chest pains, shortness of breath, high blood pressure, and dizziness. (*See* ECF 52 at 12). On April 22, 2014, Plaintiff saw Nurse Gallagher, a nurse practitioner on duty at NJSP, for a follow up appointment after a recent surgery at St. Francis Hospital. (*See id.*). At the appointment, Plaintiff explained to Nurse Gallagher that he believed poor ventilation, based on his housing location within the prison, was the cause of serious symptoms. (*See id.*). Nurse Gallagher told Plaintiff she would "look into the matter of

having Plaintiff moved to a different part of the prison that has central air conditioning." (*Id.*).

Thereafter, Nurse Gallagher "never got back to Plaintiff." (*Id.*) Plaintiff characterizes Nurse

Gallagher's conduct as "a refusal to address [his] serious medical need" in violation of the

Eighth Amendment. (*Id.* at 16).

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to

state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts

accept all factual allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

(quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a

complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A court conducts a three-part analysis to make this determination. *See Santiago v.*

*Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the

elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the

court should identify allegations that, "because they are no more than conclusions, are not

entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where

there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement for relief." *Id.* Additionally, it is

worth noting that "courts generally consider only the allegations contained in the complaint,

exhibits attached to the complaint and matters of public record. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

## IV.    DISCUSSION

Nurse Gallagher makes two arguments in her motion to dismiss. First, she argues Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against her. (*See* ECF at 153). Second, she asserts the Court should dismiss the amended complaint because Plaintiff failed to prosecute his claim in a timely manner pursuant to Federal Rule of Civil Procedure 41(b). (*Id.*)

Additionally, Plaintiff alleged additionally acknowledges Plaintiff pled additional facts and allegations related to his claim in his opposition to Nurse Gallagher's motion. (*See* ECF at 156). However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Accordingly, this Court will not consider the additional factual contentions that Plaintiff made in that opposition in this opinion.[1]

A. <u>Deliberate Indifference to a Serious Medical Need</u>

As discussed above, Nurse Gallagher contends that the amended complaint fails to state a deliberate indifference to Plaintiff's serious medical needs claim under the Eighth Amendment. To succeed on a deliberate indifference claim, a prisoner must generally allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). More specifically, there must be: (1) an objectively

---

[1] Plaintiff is free to include these additional factual allegations against Nurse Gallagher in any proposed amended complaint he may elect to file that corrects the deficiencies of his current operative amended complaint as outlined in this opinion.

serious medical condition; and (2) a subjectively deliberate indifference to that condition on the part of prison officials. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

To show deliberate indifference, a plaintiff must prove the prison official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 19. Medical malpractice or negligence does not constitute deliberate indifference without the requisite culpable state of mind of obduracy and wantonness. *Id.* Moreover, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 (3d Cir. 1979).

Here, Plaintiff has not identified that Nurse Gallagher intentionally (1) failed to treat, (2) delayed treatment for, or (3) prevented treatment for a serious medical condition. (*See* ECF 52 at 12). Indeed, Plaintiff does not allege Nurse Gallagher did not tend to his symptoms at all during the April 22, 2014 follow-up appointment. (*Id.*) Plaintiff merely asserts that by not investigating a ventilation issue within the facility, which he subjectively believed was causing his respiratory symptoms, Nurse Gallagher was deliberately indifferent to his serious medical needs. (*Id.* at 6.)

In fact, Plaintiff's amended complaint as it relates to Nurse Gallagher is not based on an issue with the quality of medical treatment he received during the appointment, but that Nurse Gallagher's failed to mend his living conditions after she stated she would "get back to him." (*Id.*) Plaintiff does not allege Nurse Gallagher withheld medical treatment, and it is not the role of this Court to evaluate her judgment as a medical professional or the adequacy of treatment she provided in a § 1983 claim. *See Walker*, 599 F.2d at 575. Rather, without more facially plausible

allegations in the amended complaint, Plaintiff's claim against Nurse Gallagher appears more akin to a disagreement with respect to how she treated him for his symptoms. This in and of itself is insufficient to state a claim. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Indeed, all that is alleged is that Plaintiff, as opposed to any medical professional, determined subjectively based on his symptoms that he needed a cell with air conditioning. Accordingly, Plaintiff's amended complaint against Nurse Gallagher is dismissed without prejudice.[2]

B. Failure to Prosecute under Rule 41(b)

Consistent with Federal Rule of Civil Procedure 41(b), a federal court may dismiss an action with prejudice because of a plaintiff's failure to prosecute or failure to comply with a court order. Indeed, this Court ordered Plaintiff to effectuate service on Nurse Gallagher within ninety days from February 19, 2019, after he already received numerous extensions to do. (*See* ECF 116). Although the summons was issued on November 25, 2019, it was not served to Nurse Gallagher until November 24, 2020 – over a year after this Court order. (*See* ECF 149).

---

[2] The Court construes Plaintiff's amended complaint as only raising an Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs against Nurse Gallagher. Indeed, Plaintiff explains he is suing Nurse Gallagher because she, "had the responsibility of making prognosis, diagnosis, of prisoners care as well as making specialist appointments if need be, and prescribing medication if need be." (ECF 52 at 6-7). Furthermore, in addressing his legal claims, Plaintiff states he is suing Nurse Gallaher because of her "refusal to address Plaintiff's serious medical need[.]" (*See id.* at 16). Finally, despite Nurse Gallagher seeking a dismissal of Plaintiff's entire amended complaint against her for failure to state a deliberate indifference to a serious medical need claim, in his response, Plaintiff does not suggest he also sought a condition of confinement claim in his operative amended complaint. Should Plaintiff though seek to raise an Eighth Amendment condition of confinement claim, he is of course free to seek leave of court to file another amended complaint raising such a claim. To raise a conditons of confinement claim, Plaintiff though must identify: (1) an objectively and sufficiently serious deprivation "resulting in the denial of 'the minimal civilized measure of life's necessities'"; and (2) that the prison official was deliberately indifferent to a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372–73 (3d Cir. 2019). Plaintiff is reminded that he must state any such claim with facility plausibility. *See Iqbal*, 556 U.S. at 678. Furthermore, conclusory allegations are insufficient to state a claim. *See Twombley*, 550 U.S. at 555-57.

However, as this Court has dismissed Plaintiff's amended complaint against Nurse Gallagher pursuant to Rule 12(b)(6), this Court need not decide this issue as it is moot.

## V.      CONCLUSION

For the foregoing reasons, the Court grants Nurse Gallagher's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). The Court dismisses Plaintiff's amended complaint against Nurse Gallagher without prejudice. Plaintiff shall have thirty days in which to file a proposed second amended complaint that corrects the deficiencies of his amended complaint. An appropriate order will be entered.

DATED: September 9, 2021

_____
PETER G. SHERIDAN
United States District Judge

6